IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER OSBORN, #268577         *

v.                            *   CIVIL ACTION NO. RDB-16-581

STEVEN MOYER, SECRETARY D.P.S.C.S.   *

*****

## MEMORANDUM OPINION

On February 29, 2016, the Court received for filing this cause of action. Roger Osborn, an inmate housed at the Eastern Correctional Institution ("ECI"), asserted a number of civil rights and habeas corpus claims on a 28 U.S.C. § 2241 form for filing a Petition for Habeas Corpus. ECF No. 1. The Petition was accompanied by the $5.00 habeas corpus fee. Affording the self-represented action a generous construction, Osborn raises the following claims: (1) the contract entered into by Prisoner Rights Information System of Maryland, Inc. ("PRISM"), which provides legal assistance to inmates, is financially controlled by the State of Maryland and thus forms the basis for a conflict of interest and fraud; (2) he is subject to *ex post facto* violations and illegal imprisonment due to: (a) the restructuring of the Department of Public Safety and Correctional Services ("DPSCS") and (b) the enhancement of his offenses to crimes of violence resulting in adverse changes to his diminution credit award, the scheduling of his parole review, and his chances of making parole; (3) the conditions of confinement at ECI have put his health at serious risk;[1] (4) he was retaliated against for filing a lawsuit and his right to freely practice his religion has been violated; (5) certain private and confidential medical information is sent out to prison dietary and commissary staff and may be

---

[1] Osborn includes a laundry list of claims regarding his living conditions and medical care. ECF No. 1 at pp. 11-14.

disseminated to the prison population; (6) commissary and telephone companies, contracted to provide services to the DPSCS prisons, are "monopolies" charging excessive fees, accessing an inmate's financial records, and taking and using an inmate's funds; (7) monies refunded to the DPSCS are to go to fund "inmate welfare," but are instead used to pay prison chaplains; and (9) the administrative remedy procedure ("ARP") grievance process is ineffective and provides no real corrective remedy. ECF No. 1. Osborn seeks release from confinement and other miscellaneous non-compensatory relief. *Id.* at pp. 18-20.

Osborn's cause of action shall be construed as a hybrid 28 U.S.C. § 2241 Petition and 42 U.S.C. § 1983 Complaint. However, only those claims which affect the length and duration of Osborn's confinement will be considered here. Osborn's allegations of civil rights violations will not be considered at this time. Those claims shall be dismissed without prejudice and Osborn shall be provided the necessary forms with which to file a new 42 U.S.C. § 1983 Complaint. Respondent shall respond to the habeas corpus portion of the action (claim two). A separate Order follows.

Date: March 18, 2016

                                       *Richard D. Bennett*
                                       RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE