IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 28  AM II: 51

CLERK'S OFFICE
AT BALTIMORE

ROGER OSBORN, #268577               *

v.                                  *    CIVIL ACTION NO. RDB-16-581

STEVEN MOYER, SECRETARY D.P.S.C.S.  *

BY ____ DEPUTY

*****

## MEMORANDUM OPINION

On February 29, 2016, the Court received for filing this cause of action from Roger Osborn, a state inmate confined at the Eastern Correctional Institution ("ECI"). He raised a number of civil rights and habeas corpus claims on a 28 U.S.C. § 2241 form for filing a Petition for Habeas Corpus. ECF No. 1. The Petition was accompanied by the $5.00 habeas corpus fee. The following claims were raised: (1) the contract entered into by Prisoner Rights Information System of Maryland, Inc. ("PRISM"), which provides legal assistance to inmates, is financially controlled by the State of Maryland and thus forms the basis for a conflict of interest and fraud; (2) Osborn is subject to *ex post facto* violations and illegal imprisonment due to: (a) the restructuring of the Department of Public Safety and Correctional Services ("DPSCS") and (b) the enhancement of his offenses to crimes of violence resulting in adverse changes to his diminution credit award, the scheduling of his parole review, and his chances of making parole; (3) the conditions of confinement at ECI have put his health at serious risk; (4) he was retaliated against for filing a lawsuit and his right to freely practice his religion has been violated; (5) certain private and confidential medical information is sent out to prison dietary and commissary staff and may be disseminated to the prison population; (6) commissary and telephone companies, contracted to provide services to the DPSCS prisons, are "monopolies" charging excessive fees, accessing an inmate's financial records, and taking and using

an inmate's funds; (7) monies refunded to the DPSCS are to go to fund "inmate welfare," but are instead used to pay prison chaplains; and (9) the administrative remedy procedure ("ARP") grievance process is ineffective and provides no real corrective remedy. ECF No. 1.

Osborn's cause of action was construed as a hybrid 28 U.S.C. § 2241 Petition and 42 U.S.C. § 1983 Complaint and on March 18, 2016, the Court issued a Memorandum Opinion and Order which dismissed all of Osborn's civil rights claims without prejudice. Only those habeas corpus claims which affected the length and duration of Osborn's confinement were to be considered. ECF Nos. 2 & 3. Respondent was directed to respond to the habeas corpus portion of the action (claim two). *Id.*

## I. Osborn's Non-Dispositive Motions

Osborn filed a motion for reconsideration of the Court's decision to dismiss the civil rights portion of his case without prejudice. ECF No. 4. In effect, he states that a habeas corpus petition "may consist of any constitutional right violations" including First and Eighth Amendment claims. He further contends that the Court did not consider any of his pre-service motions. Osborn asks the Court to re-issue the Order so that the § 2241 Petition includes all aspects of his constitutional claims pertaining to his housing and medical issues. *Id.*

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59 (e), 60 (b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59 (e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

Rule 59(e) permits re-visitation of a prior decision in three narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 386 n. 2 (4th Cir. 2010) (alternation added & citation omitted). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson,* 790 F.Supp. 594, 618 (E.D. Va. 1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D. Va. 1977). *Accord Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008) (explaining Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted).

Osborn does not contend that there has been an intervening change in controlling law or newly discovered evidence. Instead, he claims that the court erred and expresses his disagreement with the court's ruling. This is not a valid ground for Rule 59(e) relief. Therefore, the Court will deny his post-judgment motion. The Motion for Reconsideration shall be denied. As his civil rights allegations were dismissed without prejudice, Osborn may refile a Complaint raising his constitutional claims against the proper Defendants.

Next, in response to Respondent's Motion for Extension of Time, Osborn filed a Motion for Order to Show Cause, arguing that counsel for Respondent made a "blatantly false statement" regarding counsel's inability to contact Osborn to obtain his consent to his extension of time request. ECF No. 7. He asks that the Court immediately grant his Petition for habeas corpus relief and award

him $10,000.00 in punitive damages for counsel's fraudulent document. The Motion for Order to Show Cause shall be denied.

Lastly, Osborn has filed an Emergency Request for a Cease and Desist Order. ECF No. 10. He claims that as a result of filing this case, Respondent and his employees have retaliated against him by transferring him to another prison, assigning him to a prison job with lower wages, failing to provide him orthopedic wear and physical therapy, threatening him, and denying him access to religious services and commissary. *Id.* To obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 290 (4th Cir. 2011). Osborn has failed to show that emergency relief is warranted. His Emergency Request for a Cease and Desist Order shall be denied.

## II. The Petition

Osborn maintains that he is subject to *ex post facto* violations and illegal imprisonment due to the restructuring of the Department of Public Safety and Correctional Services ("DPSCS") and the enhancement of his offenses to crimes of violence, resulting in adverse changes to his diminution credit award, the scheduling of his parole review, and his chances of making parole.

In his Answer, Respondent asserts that Osborn is currently serving a term of confinement commencing June 18, 1997, and ending June 18, 2032, arising out of his second-degree assault and child abuse convictions in the Circuit Court for Baltimore County on October 2, 1997. ECF Nos. 8-1, 8-2, & 8-3. Respondent argues that as of April 19, 2016, Osborn has been awarded a total of 4244

4

diminution credits, consisting of 2100 good conduct credits, 979 industrial credits, 86 educational credits, and 1079 special project credits earned at the State and local levels. When these diminution credits are subtracted from the maximum expiration date of Osborn's term, he receives a projected mandatory supervision release date of November 4, 2020, as of April 19, 2016. ECF No. 8-4.

Respondent maintains that Osborn's habeas claims are not subject to federal review because he has not exhausted his state remedies. Respondent provides exhibits which show that in July of 2014, Osborn filed a complaint in the Circuit Court for Anne Arundel County asserting the identical habeas corpus claims raised herein. ECF No. 8-5. In 2015, a circuit court judge issued two orders directing Osborn to effect proper service on all parties and indicated it would take no further action "until defendants have been properly served." ECF No. 8-6. On April 29, 2016, the Circuit Court issued notices of contemplated dismissal "because [defendants] have not been served, or the court has not otherwise acquired jurisdiction over them within 120 days from the issuance of the original process directed at them."[1] ECF No. 8-9.

In Reply, Osborn seemingly argues that there is an exception to the exhaustion requirement that applies to his situation because the Maryland courts are biased against him and the state court decisions have occurred because of a conflict of interest and in collusion with the Office of the Attorney General. ECF No. 9.

Plainly, Osborn has not exhausted his habeas claim through either the State administrative or judicial process. He proffers no justiciable reasons why exhaustion should be excused. An inmate in

---

[1]     The Maryland Judiciary website shows that Osborn's state complaint was dismissed without prejudice on August 4, 2016. *See Osborn v. Hershberger, et al.*, Case Number 02-C-13-183141 (Circuit Court for Anne Arundel County 2016), available at Maryland Judiciary Case Research, http://casesearch.courts.state.md.us.

the custody of the Maryland Division of Correction who wishes to challenge the calculation of his release date may do so by:

1. Filing a complaint with the Inmate Grievance Office ("IGO");

2. Appealing a final decision of the IGO to the Circuit Court;

3. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

4. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because Osborn has not exhausted and complied with these procedures, his case will be dismissed without prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least,

---

[2]     Although at one time this Court interpreted Maryland law as not permitting  appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

that … jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Osborn does not satisfy this standard, and the Court declines to issue a Certificate of Appealability.

A separate Order follows.

Date: September 27, 2016

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE